[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16699
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00259-TCB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN TRONE,
a.k.a. Dre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 22, 2017)

Before HULL, MARCUS and EDMONDSON, Circuit Judges.

PER CURIAM:

Adrian Trone appeals his 18-month sentence, imposed upon revocation of supervised release: 18 U.S.C. § 3583(e).  Trone argues that the district court imposed a substantively unreasonable sentence.

We review a district court's revocation of supervised release for an abuse of discretion and review the sentence imposed upon the revocation of supervised release for reasonableness.  *United States v. Velasquez Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008).  The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable.  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

We consider substantive reasonableness by taking into account the totality of the circumstances.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  To revoke a term of supervised release -- and require the defendant to serve time in prison -- the district court must consider factors outlined in "section[s] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7)."  18 U.S.C. § 3583(e).  These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to deter criminal conduct, the need to protect the public from further crimes of the defendant, and the applicable guideline range.  *Id.* §§ 3553(a)(1), (a)(2)(B)-(D).  The district court

must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). *Id.* § 3553(a).

We ordinarily expect that a sentence within the guideline range is reasonable. *Sarras*, 575 F.3d at 1219. A sentence may be substantively unreasonable if a district court unjustifiably relied on one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on impermissible factors. *Id.* The weight given to a specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). As such, the district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010).

In this case, the district court did not impose a substantively unreasonable sentence: (1) it did not unjustifiably rely on the need to deter criminal behavior, when Trone violated his supervised release for a second time after receiving 10 months' imprisonment (conduct demonstrating his likelihood of recidivism); (2) it did not fail to consider pertinent § 3553(a) factors, when it specifically acknowledged Trone's time served and heard Trone's argument on limited punishment for marijuana offenses; and (3) it did not base the sentence on

3

impermissible factors, when the court was permitted to rely on the need to deter crime.

**AFFIRMED.**